IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | Case No. 6:25-cv-00723-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Director of the Greenville County Detention Center, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On April 28, 2025, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return.  ECF No. 19.  The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Petitioner has filed an appeal of the Magistrate Judge's order at ECF No. 16 and a motion to amend since the entry of the Report.  ECF Nos. 22, 23.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## **ANALYSIS**

The Magistrate Judge recommends summary dismissal of the instant Petition because this action is duplicative and because Petitioner has not exhausted his state remedies. While Petitioner has not directly objected to the Report, the Court has reviewed the record, the Report, and the applicable law de novo out of an abundance of caution for a pro se party and because he has continued filing documents in this case. Upon such review, the Court agrees that this action is subject to dismissal as duplicative and because Petitioner has failed to exhaust his administrative remedies.

Section 2254 applies to petitions for writs of habeas corpus filed by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Even if Petitioner's commitment was not the product of a criminal conviction, he is "in custody pursuant to the judgment of a state court" as contemplated by the plain text of § 2254,

and the scope of that statute is not limited to judgments in criminal cases. The Supreme Court addressed the scope of § 2254 in dicta:

> Incarceration pursuant to a state criminal conviction may be by far the most common and most familiar basis for satisfaction of the "in custody" requirement in § 2254 cases. But there are other types of state court judgments pursuant to which a person may be held in custody within the meaning of the federal habeas statute. For example, *federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment* or a state court order of civil contempt.

*Duncan v. Walker*, 533 U.S. 167, 176 (2001) (emphasis added). Accordingly, Petitioner is subject to the requirements applicable to actions brought pursuant to § 2254. *See* 28 U.S.C. § 2254(b), (c).[1]

---

[1] The exhaustion requirement of Section 2254 provides:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

As a prerequisite to filing a section 2254 proceeding, a habeas petitioner must exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A). Exhaustion of state remedies requires the petitioner to fairly present the federal constitutional issues to the state courts and allow them "one full opportunity" to resolve the issues. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, and (2) if the direct appeal turns out to be unsuccessful, by filing an application for PCR.

Petitioner has filed neither a direct appeal nor an application for post-conviction relief related to this conviction. Accordingly, it is subject to summary dismissal.

Turning to Petitioner's filings, he filed an appeal of the no serve order issued by the Magistrate Judge. The Magistrate Judge's order is non-dispositive. Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A)

---

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c).

("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order. *Id*. Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review. *Id*. Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision. *Id*. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). The Court has reviewed the Magistrate Judge's order and Petitioner's appeal. Upon such review, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Accordingly, the appeal is denied.[2]

---

[2] To the extent any of Petitioner's filings should be liberally construed as requesting recusal of the undersigned, that request is denied. Recusal of federal judges is generally governed by 28 U.S.C. § 455. Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). It appears that any request for recusal is solely based upon prior rulings in Petitioner's various cases. However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id*. Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.

As noted above, Petitioner also filed a motion to amend. This motion is denied as Petitioner cannot cure the deficiencies identified in the Petition by amendment. *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022).

## **CONCLUSION**

Therefore, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the Report's recommendation. The Petition is **DISMISSED** without prejudice and without requiring Respondent to file an answer or return. Petitioner's motion to amend [23] is **DENIED**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

Finally, as Petitioner has established himself as a frequent filer, future filings in this case will be reviewed but will not receive a response unless it is deemed necessary by the undersigned or Magistrate Judge McDonald.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 10, 2026

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

Spartanburg, South Carolina